UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALEEM-X a/k/a CURTIS FULLER, #211080,

        Plaintiff,                  Case No. 16-cv-12234
                                          Hon. Matthew F. Leitman

v.

WILLIAMS C. BORGERDING *et al.*,

        Defendants.

_____/

**<u>OPINION AND ORDER (1) DENYING APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (ECF #3) AND (2) DISMISSING COMPLAINT (ECF #1) WITHOUT PREJUDICE</u>**

Michigan prisoner Raleem-X a/k/a Curtis Fuller ("Raleem-X") is currently confined at the Marquette Branch Prison in Marquette, Michigan. On June 16, 2016, Raleem-X filed a pro-se civil-rights complaint in this Court pursuant to 42 U.S.C. § 1983 (the "Complaint"). (*See* ECF #1.) Raleem-X has also filed an application to proceed without prepaying the required filing fee under 28 U.S.C. § 1915 (the "Application"). (*See* ECF #3.)

Raleem-X's Complaint relates to his confinement at the Gus Harrison Correctional Facility in Adrian, Michigan. In the Complaint, Raleem-X complains about a delay in receiving his property, including medications and tinted prescription glasses, when he was transferred to the Gus Harrison Correctional Facility, confinement in his cell for a period of time following that transfer,

1

harassment by corrections officers, the alleged theft of his property, including electronics and tinted prescription glasses, by corrections officers, false misconduct reports, improper confiscation of property, a period of confinement in a cold cell, improper responses to his grievances, and the denial of a request for tinted prescription glasses. (*See* ECF #1.)  Raleem-X has named medical personnel, corrections officers, and a prison warden as the defendants in this action, and he has sued them in their individual and official capacities. (*See id.*)  He requests injunctive relief, monetary damages, a declaratory ruling, and the imposition of criminal charges against the defendants. (*See id.*)

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), precludes a prisoner from proceeding without prepaying the required filing fee in a civil action under certain circumstances.  The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, absent a threat of imminent danger or serious physical injury, this "three strikes" provision requires a federal court to dismiss a civil action without prejudice where a prisoner seeks to proceed without prepaying the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *See id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Here, Raleem-X has filed at least three prior civil-rights complaints that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Fuller v. Gerth et al.*, No. 2:12–cv–368 (W.D. Mich. Nov. 20, 2012); *Fuller v. Huss et al.*, No. 1:12–cv–926 (W.D. Mich. Sept. 28, 2012); *Fuller v. Bouchard*, No. 2:04–cv–35 (W.D. Mich. April 2, 2004); *aff'd* No. 04–2217 (6th Cir. Sept. 30, 2005); *Fuller v. Calvin et al.*, No. 2:00–cv–225 (W.D. Mich. May 29, 2001); *aff'd* 28 Fed. App'x 390 (6th Cir. 2002).  He has also previously been denied permission to proceed without prepaying the filing fee. *See, e.g., Fuller, et al. v. PCS Daily Dial Phone Co.*, No. 16-CV-11960, 2016 WL 3549481 (E.D. Mich. June 30, 2016); *Raleem-X v. Brown*, No. 16-cv-10305, 2016 WL 465487 (E.D. Mich. Feb. 8, 2016); *Fuller v. PCS Daily Dial Phone Co.*, No. 2:15-cv-

3

13620, 2015 WL 6438915 (E.D. Mich. Oct. 23, 2015); *Fuller v. Sherve*, No. 1:12-cv-861, 2014 WL 1347430 (W.D. Mich. Apr. 4, 2014); *Fuller v. Caruso*, No. 2:12-cv-480, 2013 WL 1830856 (W.D. Mich. Apr. 30, 2013).

As a result of the actions cited above, Raleem-X is a "three-striker" who cannot proceed without prepaying the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To qualify for this exception to the three strikes rule, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 Fed. App'x 796, 797 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)) (internal quotation marks omitted); *see also Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, *2 (6th Cir. 2011) ("[T]he plain language of §1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797-98.

Raleem-X has failed to establish that he is under imminent danger of serious physical injury. First, the allegations in the Complaint concern past events, and Raleem-X has not pleaded any facts that could establish that he is currently under imminent danger of serious physical injury. As discussed *supra*, allegations of

past injury are insufficient to show imminent danger. Second, and relatedly, Raleem-X cannot establish that he currently under the threat of imminent danger because his complaints relate to his confinement at the Gus Harrison Correctional Facility, and he is no longer housed at that facility. *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no imminent danger where prisoner was no longer confined at same facility where alleged misconduct occurred). Moreover, Raleem-X admits in the Complaint that he is now allowed to order tinted glasses at the Marquette Branch Prison, his current place of confinement. Thus because Raleem-X can order the tinted glasses that he says he needs, he is not under any immediate threat of physical harm from the lack of glasses. (*See* Compl., ECF #1 at 27-28, Pg. ID 27-28.) For all of these reasons, Raleem-X has failed to plead facts that could allow him to proceed in this action without prepaying the filing fee.

Accordingly, **IT IS HEREBY ORDERED** that (1) the Application (ECF #3) is **DENIED** and (2) the Complaint (ECF #1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a complaint with payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a

claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." Finally, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

                                     s/Matthew F. Leitman
                                     MATTHEW F. LEITMAN
                                     UNITED STATES DISTRICT JUDGE

Dated: September 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2016, by electronic means and/or ordinary mail.

                                     s/Holly A. Monda
                                     Case Manager
                                     (313) 234-5113